# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>Plaintiff,<br><br>v.<br><br>THE TALARIA COMPANY, LLC<br>One Little Harbor Landing<br>Portsmouth, Rhode Island 02871<br><br>Defendant. | CASE NO. 22-cv-191 |

## COMPLAINT AND JURY DEMAND

Plaintiff, ACE American Insurance Company, as and for its claim for relief against the Defendant, The Talaria Company, LLC, states:

1. Plaintiff, ACE American Insurance Company ("ACE") is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal office and place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2. Defendant, The Talaria Company, LLC ("Talaria") is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business at One Little Harbor Landing, Portsmouth, Rhode Island 02871. The defendant limited liability company does not have any individual members that are citizens of the Commonwealth of Pennsylvania.

3. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S. Code §1332(a)(1), in that the Plaintiff and the Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Prior to December 10, 2021, ACE issued its insurance policy number Y09611617 (the "Subject Policy") to Drinkability, LLC (the "Insured") which insured a 110-foot motor yacht (the "Drinkability"), as well as the personal property located on the yacht.

5. At all times material hereto, Talaria, doing business as Hinckley Yacht Services, operated a boatyard at One Little Harbor Landing in Portsmouth, Rhode Island.

6. Prior to December 10, 2021, Talaria undertook to effect certain repairs and remedial work to the Drinkability, including adding fiberglass to its keel.

7. On December 10, 2021, Talaria's employees, acting within the scope of their employment, were engaged in adding fiberglass to the keel of the Drinkability, while the vessel was in Talaria's custody, possession and control at the Subject Premises.

8. Talaria's employees were carrying out the work described in paragraph 7 above within an enclosure that Talaria's employees had fashioned beneath the vessel consisting of combustible plastic sheeting that was held in place with hay bales.

9. In connection with the addition of fiberglass to the keel of the Drinkability, Talaria's employees were handling, using, mixing and applying flammable and volatile resins and other hazardous materials, which were under their exclusive control, and which Talaria's employees knew, or should have known, posed a significant risk of fire an appropriate degree of care was exercised in their handling, application and disposal.

10. On December 10, 2021, while Talaria's employees were engaged in the work described in paragraphs 7 through 9, above, a fire occurred within the work area beneath the Drinkability (the "Subject Fire").

11. The Subject Fire rapidly grew and spread out of control, and destroyed the Drinkability and its contents.

12. ACE's Insured, Drinkability LLC, duly made claim under the Subject Policy for the destruction of the Drinkability and its contents, and ACE duly made payment to its Insured in the amount of $9,681,839.49.

13. Under and pursuant to the terms of the Subject Policy, and otherwise by operation of law, and to the extent of the payment described in paragraph 12, above, ACE is duly subrogated to its Insured's legal rights against Talaria.

## COUNT I

14. ACE restates and realleges paragraphs 1 through 13 above.

15. The destruction of the Drinkability while in Talaria's custody and control gives rise to a presumption that the Subject Fire and resultant damages occurred as a result of Talaria's negligence, the rebuttal of which would require Talaria to prove how the fire in fact occurred and that the Subject Fire was in no way attributable to Talaria's negligence, or that Talaria exercised the requisite care in all that Talaria did with respect to the Drinkability so that, regardless of how the Subject Fire in fact occurred, the Subject Fire could not have been caused by any negligence on Talaria's part.

16. Talaria cannot, under circumstances alleged above, rebut the presumption of negligence as set forth in paragraph 15 above, and is therefore liable to ACE.

## COUNT II

17. ACE restates and realleges paragraphs 1 through 16 above.

18. The destruction of the Drinkability in the Subject Fire, which occurred while the Drinkability was in Talaria's care, custody and control as described above, is an event that would not normally occur in the absence of negligence on Talaria's part.

19. Talaria is therefore liable to ACE under the doctrine of *res ipsa loquitur*.

## COUNT III

20. ACE restates and realleges paragraphs 1 through 19 above.

21. The Subject Fire and resultant damages were caused by the negligent acts and omissions of Talaria and its employees acting within the scope of their employment, including but not limited to negligence in the handling, use, mixing, application and disposal of the flammable and volatile resins and other hazardous materials described above.

## COUNT IV

22. ACE restates and realleges paragraphs 1 through 21 above.

23. In undertaking to perform the repair and remedial work on the Drinkability described in paragraph 6, above, Talaria impliedly warranted that such work would be performed skillfully, carefully, diligently and in a workmanlike manner.

24. Talaria breached its implied warranty that the work would be performed in a skillful, careful, diligent and workmanlike manner and, as a result of such breach, the Subject Fire and resultant damages occurred.

WHEREFORE, ACE American Insurance Company demands judgment against Defendant The Talaria Company, LLC in the amount of $9,681,839.49, together with pre and post-judgment interest thereon as provided by law, and costs of this action.

### DEMAND FOR JURY TRIAL

ACE American Insurance Company hereby demands a trial by jury.

Respectfully submitted,

STRAUSS, FACTOR, LAING & LYONS

By: /s/ Thomas W. Lyons
Thomas W. Lyons
One Davol Square, Suite 305
Providence, RI 02903
Tel: 401-456-0709
Fax: 401-421-4730
E: tlyons@straussfactor.com
*Attorneys for Plaintiff*